UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20317-MARTINEZ

UNITED STATES OF AMERICA

v.

RANDY RENDON,

    Defendant.
_____/

## FACTUAL PROFFER

The United States and RANDY RENDON (the "Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts, which occurred in the Southern District of Florida and elsewhere:

Beginning at least as early as July 2022, and continuing through on or about November 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, RENDON did knowingly conduct, control, manage, supervise, direct, or own an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds on behalf of the public, by any and all means, including wire and check, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting business license in a State, that is, Florida, where such operation is punishable as a felony, and failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the prescribed regulations, in violation of Title 18, United States Code, Section 1960(a).

From as early as July 2022 to on or about November 2023, RENDON operated a money transmitting business, using companies Kanz Group Limited Liability Company ("Kanz"), Randy

Rendon P.A. ("Rendon P.A."), and TEK81 Limited Liability Company ("TEK81") (collectively, the "Companies"). At no point, did RENDON register with the State of Florida to obtain a license from the State of Florida to operate a money transmitting business. The Companies did not register with the State of Florida to obtain a license from the State of Florida to operate a money transmitting business. Neither the Companies nor RENDON registered with FinCEN as a money transmitting business.

RENDON owns and controls the Companies. RENDON is the sole signing authority on at least 12 business bank accounts opened in the names of the Companies (the "Accounts"). RENDON also controlled a cryptocurrency wallet ("Rendon's Wallet").

Bank records spanning 2022 through 2023 for the Accounts reflected transactions that followed a similar pattern: one of the Accounts received a large-sum deposit from Rendon's Wallet; almost immediately, the Account then sent multiple outgoing wires to Individual 1's Account minus a small percentage that ranged from 0.50% to 4.00%. On average, RENDON retained 1.03% of the original large-sum deposit as a transmission fee.

In recorded conversations with RENDON, RENDON told a Confidential Informant (the "CI") that RENDON provided solutions for people who wanted to protect their money. RENDON and the CI agreed that RENDON would receive a 3% transaction fee.

On February 22, 2023, RENDON transmitted funds at the request of the CI, after an undercover agent (the "UC") sent RENDON $250,000. The UC wired $125,000 to Rendon P.A. and $125,000 to Kanz. RENDON then converted these funds to cryptocurrency and transmitted the cryptocurrency to wallets controlled by the UC through ten separate transactions, minus a 3% transaction fee.

On August 15, 2023, the UC transferred $150,000 to Kanz. RENDON then converted these

funds to cryptocurrency and transmitted the cryptocurrency to wallets controlled by the UC through eight separate transactions, minus a 3% fee.

By these actions, RENDON conducted an unlicensed money transmitting business.

The parties agree that these facts, which do not include all facts known to the government and the Defendant, are sufficient to prove beyond a reasonable doubt that the Defendant conducted and owned an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960(a) and (2).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 7/29/2025     By: _for_ [signature] G. Raemy Charest-Turkes
                        KATHERINE W. GUTHRIE
                        ASSISTANT U.S. ATTORNEY

Date: 7/29/25       By: [signature]
                        JUAN DE JESUS GONZALEZ
                        ATTORNEY FOR DEFENDANT

Date: 7/29/25       By: [signature]
                        RANDY RENDON
                        DEFENDANT